UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALDO TUR LONDRES,

      Petitioner,

v.                                    Case No. 2:26-cv-935-JES-NPM

WARDEN, SOUTH FLORIDA
DETENTION FACILITY, et al.,

      Respondents.

_____/

## OPINION AND ORDER

Before the Court are Petitioner Aldo Tur Londres's petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 8). For the below reasons, the Court grants the petition to the extent set forth in this Order.

## I.   Background

Tur Londres is a native and citizen of Cuba who entered the United States on June 17, 1993. (Doc. 8-1 at 51). He was convicted of possession of cannabis and cocaine on May 9, 1995. (Doc. 8 at 2). He was convicted of additional cocaine and marijuana charges in 1999, 2002, and 2006. (Id.)

On September 20, 2002, an immigration judge entered a final order of removal against Tur Londres. (Doc. 8-1 at 51). He was released on an order of supervision on October 10, 2017. (Doc. 8 at 2). Eight years later, on October 18, 2025, Tur Londres was arrested by local law enforcement for driving without a valid

license.    (Doc. 8-1 at 51).    He was placed in immigration detention on November 4, 2025.  (Doc. 8 at 2).

When he filed this petition, Tur Londres had been in ICE custody for 147 days.   (Id.)   As of May 7, 2026, he has been confined for 184 days.

## II.  Discussion

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  Singh v. U.S. Attorney Gen., 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).   The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  Id.  Detention may continue after the removal period, but not indefinitely.

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  Id. at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  Id. at 701.  So, "for the sake of uniform administration in the federal courts," it established a

2

"presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. Id. Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention. If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise. Id.

Here, Respondents assert (and the Court agrees) that Tur Londres was given a final order of removal in 2002. He has not been detained since then because he was released under an order of supervision. However, his order of supervision was revoked, and Tur Londres has now been in immigration custody since November 4, 2025. Because the six-month period for presumptively reasonable detention has expired, Zadvydas's burden-shifting framework applies.

Respondents make no cogent argument that Tur Londres's removal is likely in the reasonably foreseeable future. While they assert that they are "seeking his removal to Mexico," they do not explain why no progress has been made on that front in the 184 days since Petitioner was taken into detention. They do not claim that Mexico has agreed to accept him or describe any actions taken to effectuate Tur Londres's removal to Mexico in the 184 days he has been detained in immigration custody. Under, Zadvydas, this

is insufficient to show a realistic likelihood of Petitioner's removal in the reasonably foreseeable future.[1]  See Douglas v. Baker, 812 F. Supp. 3d 525, 532 (D. Md. Oct. 24, 2025) ("[T]he deference baked into the Zadvydas standard does not permit the government to detain a noncitizen and then sit on its hands.  Such inaction, or lack of progress in effectuating removal, is precisely what Zadvydas forbids.").

### III. Conclusion

The Court finds no significant likelihood that Tur Londres will be removed in the reasonably foreseeable future.  He is entitled to release from detention under Zadvydas, but he remains subject to the terms of an order of supervision.  If Tur Londres fails to comply with the conditions of release, he may be subject to criminal penalties—including further detention.  See 8 U.S.C. § 1253(b); Zadvydas, 533 U.S. at 695("[W]e nowhere deny the right of Congress ... to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where

---

[1] See 8 C.F.R. 241.13(f) ("Factors for consideration [as to whether there is a significant likelihood of removing a detained alien]. The HQPDU shall consider all the facts of the case including, but not limited to, the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.").

appropriate for violations of those conditions").

If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Tur Londres to "assur[e] [his] presence at the moment of removal." Zadvydas, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

1.   Aldo Tur Londres's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

2.   Respondents shall release Tur Londres within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by allowing him telephone access to notify counsel and his family of when and where he can be collected.

3.   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 8, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE